IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,

v.

JG & SONS TRUCKING INC.,
a California corporation,

    Defendant.
_____/

Case No:

**JURY DEMAND**

## **COMPLAINT**

Plaintiff LANDSTAR RANGER, INC. by and through its undersigned counsel, hereby submits and files its Complaint against Defendant JG & SONS TRUCKING INC., and in support thereof states as follows:

### INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant JG & SONS TRUCKING INC. ("JG"), a motor carrier that provides transportation services, for JG's failure to indemnify Landstar for JG's damage to goods, pursuant to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

### PARTIES, JURISDICTION, VENUE

1

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier and freight forwarder.

4. Landstar is a citizen of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. JG is a California corporation with its principal place of business in Perris, California.

6. JG is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-567057) to transport property in interstate commerce.

7. JG is a citizen of California for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

8. Because Landstar and JG are citizens of different states, and because the amount in controversy, exclusive of interest, costs and attorneys' fees, is over $75,000.00, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. This Court also has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

10. On or about January 18, 2013, JG, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar wherein JG agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

11. Paragraph 22 of the Agreement provides that:

> Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

12. Accordingly, JG consented to the jurisdiction of this Court and to this Court being a proper venue for this action which arises out of and/or relates to the Agreement.

## GENERAL ALLEGATIONS

13. On or about May 13, 2019, Advanced Print Technologies, LLC ("the Shipper") contacted transportation broker Transcontainer (USA) Inc. ("Transcontainer") to arrange for the transportation of a used 2007 Heidelberg CD74-6-P+L-F Printing Press ("the printing press") from a storage facility of the Shipper in Monterrey, Mexico to a consignee in West Sacramento, California.

14. Transcontainer arranged for the printing press to be picked up at the Shipper's facility in Mexico and delivered by motor carrier to a facility in Laredo, Texas, where Landstar was then tasked by Transcontainer with arranging for the rest of the printing press' transportation to the consignee in West Sacramento, California.

15. Governed by the Agreement, on or about June 10, 2019, Landstar arranged for JG to transport the printing press to the consignee in West Sacramento, California. A copy of the governing bill of lading for the Shipment, No. NJC 5130971 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

16. The printing press was tendered to JG in Laredo, Texas on or about June 10, 2019 in good condition.

17. While in transit from Texas to California and under the exclusive care, custody, and control of JG, the printing press fell off of the JG vehicle responsible for delivering it and was destroyed.

18. Accordingly, JG failed to deliver the printing press to the consignee in the same good condition in which it received the printing press.

19. The value of the printing press was $495,000, but the Shipper was able to salvage parts of the printing press for $51,500 making the total loss or damages suffered by the Shipper $443,500.

20. The Shipper demanded payment from, and filed suit against, Transcontainer and Landstar for the aforementioned damage and loss.

21. JG and its cargo liability insurer, Progressive Insurance Company, were notified and presented with the lawsuit filed by the Shipper against Transcontainer and Landstar and did not participate in the suit or the resolution of the claim and suit.

22. Landstar fully settled and resolved the claim and suit for the damage and loss of the printing press brought by the Shipper against it and Transcontainer for $375,000.

23. As part of the settlement of the Shipper's claim and suit, on April 30, 2020, the Shipper released to Landstar all right, title, and interest in any claims related to the damage and loss of the Shipment. The Shipper's April 30, 2020 Release is attached hereto as **Exhibit C**.

24. After resolving and settling the Shipper's claim and suit, Landstar notified JG and Progressive Insurance Company of the resolution and again sought indemnification and recovery under the Agreement for the loss of the printing press from JG or its insurer, Progressive. On December 10, 2020, Progressive denied parts of the claim and otherwise failed to present an acceptable resolution of the claim to Landstar.

25. Having paid the Shipper for the damage and loss to the printing press in full satisfaction of the Shipper's claim, Landstar is subrogated to the rights of the Shipper and now seeks payment from JG for the aforementioned damage and loss of the printing press.

26. As a result of actions taken by JG, Landstar has sustained significant damages.

27. Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

28. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE – BREACH OF CONTRACT

29. Landstar incorporates paragraphs 1 through 28 as if fully set forth herein.

30. Having duly entered into the Agreement with Landstar, JG's carriage of the printing press was subject to the Agreement's terms and conditions.

31. Paragraphs 8 and 11 of the Agreement makes JG wholly responsible performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

32. JG breached the Agreement by not successfully delivering the printing press and then refusing to respond or cooperate with Landstar in the resolution of the claim.

33. Paragraph 9 of the Agreement makes JG responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" JG's performance or breach of the Agreement.

34. JG further breached the Agreement by not defending and indemnifying Landstar when suit was brought by the Shipper against Landstar and Transcontainer.

35. By failing to defend and indemnify Landstar in the suit brought by the Shipper, JG caused Landstar to file this suit to be made whole.

36. Landstar incurred attorneys' fees, costs, and other expenses having to defend itself in the suit brought by the Shipper against Landstar and Transcontainer for JG's loss of and damage to the printing press.

37. Landstar has, and continues to, incur losses, costs and attorneys' fees in connection with its enforcement of the Agreement.

38. JG must indemnify Landstar for this separate and independent breach of the Agreement.

## COUNT TWO - CARMACK AMENDMENT

39. Landstar incorporates paragraphs 1 through 28 as if fully set forth herein.

40. JG received the printing press it was obliged to transport in good condition.

41. JG took the printing press into its care, custody, and control and failed to deliver the printing press in the same good condition in which it was received.

42. JG is liable for the damages to the printing press pursuant to 49 U.S.C. § 14706 because JG's transportation of the printing press constituted the transportation of goods in interstate commerce by a motor carrier.

43. JG's actions resulted in a claim for loss and damages asserted by the Shipper against Landstar in the amount of at least $443,500, which Landstar was able to resolve fully for $375,000.

44. Accordingly, Landstar has suffered damages in the amount of $375,000, exclusive of interest, attorneys' fees, and costs.

WHEREFORE, Landstar respectfully requests that this Honorable Court enter judgment in its favor against JG for damages in the amount of $375,000 plus prejudgment and post-judgment interest in amounts to be established by this Honorable Court, along with the attorneys' fees, costs and expenses incurred by Landstar in having to defend itself in the suit brought by the Shipper, the attorneys' fees, costs and expenses it is incurring in this suit, any other fees and costs authorized by statute, and such other and further relief deemed just by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: July 30, 2021                    Respectfully submitted,

/s/ Kristen M. J. Johnson
   Kristen M.J. Johnson, Esq.
   Florida Bar No. 1005180
   John L. Marchione, Esq.
   Florida Bar No. 114245
   TAYLOR & ASSOCIATES,
   ATTORNEYS AT LAW, P.L.
   20 3rd Street SW, Suite 209
   Winter Haven, FL 33880
   (863) 875-6950 (tel)
   (863) 875-6955 (fax)
   kjohnson@taylorlawpl.com
   jmarachione@taylorlawpl.com
   efiling@taylorlawpl.com
   lroberts@taylorlawpl.com

*Counsel for Plaintiff*